UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

DERRICK SMITH,                          )
                                        )
        Plaintiff,                      )       Civil Action No. 7:20-cv-00060-GFVT
                                        )
v.                                      )
                                        )
USP BIG SANDY,                          )       **MEMORANDUM OPINION**
                                        )          **AND ORDER**
        Defendant.                      )
                                        )

*** *** *** ***

Plaintiff Derrick Smith is an inmate currently confined at the United States Penitentiary ("USP")- Big Sandy in Inez, Kentucky. Proceeding without an attorney, Smith has filed a civil rights complaint against prison officials. [R. 8.] By a prior order, the Court granted Smith's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 12.] Thus, the Court must conduct a preliminary review of Smith's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Smith's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

In his complaint, Smith alleges that excessive force was applied to him on November 7, 2019, and that he was beaten and tortured by several staff in the Special Housing Unit ("SHU"), including Lt. Melvin. [R. 8 at 2.] Smith claims that he was assaulted because he was mistaken for another inmate who had allegedly previously assaulted a staff member. *Id*. He claims violations of his constitutional rights under the Fifth, Eighth, and Thirteen Amendments. *Id*. at 4. He seeks $20 million in damages. *Id*. at 8.

However, the Court has reviewed Smith's complaint and concludes that it must be dismissed without prejudice, as he admits that he has not fully exhausted his administrative remedies with respect to his claims. The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff, and then to institute a formal grievance with the warden within twenty days. 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the warden's response, he or she must appeal to the appropriate regional office within twenty days, and if unsatisfied with that response, to the General Counsel within thirty days thereafter. 28 C.F.R. § 542.15(a). *See* BOP Program Statement 1300.16.

In his complaint, Smith states that he filed a request or appeal to the Warden on March 11, 2020. [R. 8 at 4.] However, he then states that he filed his appeal with the Regional Director on January 22, 2020, which is not possible if he did not file his initial request to the Warden until March 2020. *Id*. Smith explains that he never got a response to his appeal to the Warden, even

2

though that response was due on March 31, 2020. *Id*. at 5. He then states that the Regional Director denied his grievance, stating that the issue that he raised was not sensitive. *Id*. Smith does not indicate that he appealed the matter to the Office of the General Counsel, as he opted to leave this portion of the form complaint blank. *Id*. at 4.

In support of his complaint, Smith has attached copies of the grievances that he filed with respect to his claims. [R. 8-5.] However, while a review of these grievances explains some of the inconsistencies in the timeline as set forth by Smith, it only confirms that he has not fully exhausted his administrative remedies. Reviewing the grievances chronologically, it appears that he first filed a grievance regarding the November 7, 2019 incident with the Mid-Atlantic Regional Office on January 6, 2020, which was received by the Regional Counsel on January 22, 2020 and assigned Remedy No. 1004593-R1. *Id*. at 4. However, this Regional Appeal was denied on January 29, 2020, because the issue raised in the appeal was not sensitive, thus Smith was instructed to file a request at the appropriate level via the regular procedures. *Id*. at 3.[1]

Smith then attaches a response from the Warden to a Request for Administrative Remedy received on February 14, 2020, in which Smith complained that he had not received proper medical attention and further alleged staff misconduct. *Id*. at 2. This Request was assigned Remedy No. 1006942-F1 and was denied by the Warden on April 7, 2020. *Id*.

Next, Smith attaches a response by E. Adkins II, a Special Investigative Agent at USP-Big Sandy, to an Attempt at Informal Resolution (BP-8) filed by Smith. *Id*. at 1. This response

---

[1] By regulation, if an inmate reasonably believes that an issue is "sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit a Remedy Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). If the Regional Administrative Remedy Coordinator does not agree that the Request is sensitive, the Request is not accepted and the inmate will be advised of the determination in writing and may then pursue the matter by submitting an Administrative Remedy Request locally to the Warden. *Id*.

indicates that the investigation was completed and a BP-9 was issued on March 9, 2020. *Id.* Finally, Smith attaches an acknowledgment of receipt on March 11, 2020, of an administrative remedy request alleging unprofessional, inappropriate conduct or misconduct by staff that was assigned Remedy No. 1010043-F1, with a response due date of March 31, 2020. *Id.* at 5. This appears to be the Remedy Request to which Smith claims the Warden never responded. [R. 8 at 5.] Even so, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Thus, if the Warden did not respond to Smith's Remedy Request, the failure to respond is a constructive denial of his request and Smith may then appeal to the Regional Office. He failed to do so. In addition, he failed to appeal any of his administrative remedy requests to the Office of the General Counsel, which is the final step of the BOP's Inmate Grievance System.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). If the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). *See also Jones v. Bock*, 549 U.S. at 214-15 (district court may

4

dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Where a plaintiff has filed a complaint prior to fully exhausting his available administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns.  *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011).   Because Smith has not fully exhausted his administrative remedies available via the BOP's grievance process, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.

Accordingly, it is hereby **ORDERED** as follows:

1.      Smith's complaint [R. 8] is **DISMISSED WITHOUT PREJUDICE** to his ability to re-file his claims in a new case after the administrative remedy process is complete.

2.      All pending requests for relief, including Smith's motion requesting that his complaint be amended to correct the name of Defendant W. Fletcher [R. 13], are **DENIED AS MOOT**.

3.      **JUDGMENT** shall be entered contemporaneously with this Order.

4.      This matter is **STRICKEN** from the Court's docket.

This the 6th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge